ILLUMINATED CAR SIGN CO. v. JAMES H. WILSON.

1. CONSTRUCTION OF CONTRACT REQUIRING APPROVAL OF PURCHASER OF GOODS.

A contract providing that a sign maker should receive from an illuminating car sign company "one-half the profits" derived by the latter from "all signs which it should make and furnish and which should be placed" on certain street cars, will be construed to amount to an admission that the signs were subject to the approval of the street car company acting in good faith.

2. COST OF RECONSTRUCTION EXCLUDED IN DETERMINING ACTUAL COST OF MANUFACTURE AS BASIS FOR DIVISION OF PROFITS.

The cost of reconstruction of goods due to the negligence of the manufacturer cannot be included in ascertaining the actual cost of manufacture thereof upon which profits in a joint enterprise are to be determined and division made.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**E. G. Kinkead** and **J. D. DeWitt**, for plaintiff in error.
**J. W. O'Hara** and **O. K. Jones**, for defendant in error.

GIFFEN, J.

Although there is direct conflict between the testimony of Mr. Hunter and Mr. Wilson, the plaintiff in the original action (the only persons present when the alleged contract was made), we think the evidence shows the existence of a contract substantially as set forth in the petition.

The measure of damages stated in the petition is as follows:

"That defendant would pay to plaintiff for his said services one-half of the profits made by defendant upon all the signs which it should make and furnish and which should be placed upon said Brooklyn Company's cars as aforesaid, which profits were to be the difference between the price obtained by defendant for said signs and the actual cost of manufacturing the same."

Under this allegation the profits made by defendant were not limited merely to signs made and furnished, but to those which should be placed upon said Brooklyn Company's cars as aforesaid, that is to say, in pursuance of the joint efforts of plaintiff and defendant. It amounts

to an admission that the signs were subject to the satisfaction and approval of the Brooklyn Co. acting in good faith, and the plaintiff is bound thereby.

There is testimony tending to prove that the cost of reconstructing the signs and even an admission that part of such cost was due to the negligence of the defendant, which of course would exclude it from consideration in estimating the actual cost of manufacture. The court in its charge to the jury did not give this interpretation to the pleading, but left the question for determination by them from the evidence.

As we understand the testimony it is admitted by Mr. Hunter, president of the defendant company, that the cost of making changes in the bonnet signs, amounting to $2,501.33, was due to the negligence of the superintendent of the defendant company. Deducting this amount from the cost of manufacture, exclusive of commissions and royalty, as shown by the books of defendant, there was a net profit of $4,074.80, one-half of which this plaintiff was entitled to, and if he will remit all in excess of that amount the judgment will be affirmed, otherwise reversed for error in charge of court and because the damages are excessive.

The commissions paid to the New York agent as well as the royalty were not a part of the cost of manufacture, and were therefore properly excluded in ascertaining the profits as defined in the contract. The declaration of the witness, Taylor, to the witness, Perung, "Yes, I know all about that case, there is no question but what Wilson is right in that matter" is not only an opinion of the witness but a declaration that he has knowledge of all the facts necessary to form such opinion—whereas the facts within his knowledge as disclosed in his deposition are wholly at variance with such necessary facts. He was the representative of the purchasing company whose duty it was, and who did conduct the negotiations for the purchase of 1,200 signs from the defendant, hence his testimony that plaintiff took no part in such negotiations is irreconcilable with the declaration which, for the purpose of impeachment, is more significant because made after his deposition was taken and after his attention had been directed to the facts. The admissibility of the declaration is supported by the following cases: *Heintz* v. *Caldwell*, 9 Circ. Dec. 412 (16 R. 630), affirmed *Caldwell* v. *Heintz*, 64 Ohio St. 583; *Dilcher* v. *State*, 39 Ohio St. 130; *Kent* v. *State*, 42 Ohio St. 426.

**Swing** and **Smith, JJ.**, concur.